**H E HUNTER AND ASSOCIATES, INC v STRONG, COBB & CO, INC**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15941.   Decided April 12, 1937

Blase A. Buonfane, Cleveland, for plaintiff-appellee.
Robert D. Godfrey, Cleveland, for defendant-appellant.

**OPINION**

By LIEGHLEY, J.

Plaintiff recovered a judgment against defendant in the Common Pleas Court for the sum of Five Thousand Dollars, ($5000.00). Motions for a directed verdict and for new trial were duly made by defendant and overruled. An appeal on questions of law was perfected to this court.

The action was instituted to recover liquidated damages in the sum of Five Thousand Dollars ($5000.00) for alleged violation or breach of item five of the contract hereinafter referred to.

It appears that under date of November 29, 1933, plaintiff and defendant entered into a contract in the form of a letter by defendant to plaintiff and duly accepted by plaintiff, by the terms of which defendant employed plaintiff to perform certain services in the nature of sales engineering with a view to increasing the gross business of the defendant company.

The name of the plaintiff underwent one or more changes during the period involved it is claimed, with which we are not concerned for the purposes of this memorandum.

The plaintiff performed services for defendant in accordance with said agreement at intervals and the work was for the most part done by one Thorsen.

This litigation arises principally out of items four and five contained in this agreement:

"Item Four: This agreement and the work provided for can be terminated by us at any time at our discretion without any further liability therefor, except that said commission fee of one percent shall be terminated upon thirty days written notice thereof to you to that effect, in which latter event, you shall receive proportionate part of said commission fee on basis of time said services are retained; and upon such termination you shall receive payment by us of all amounts becoming due you hereunder."

"Item Five: It is mutually agreed that should either party to this agreement employ a member of the other party's organization within one year from the date of this agreement, the party so employing shall be liable for damages in the sum of $5000.00."

Under favor of Item Four of said agreement, defendant on May 24, 1934, by letter, undertook to cancel and terminate this contract by expressly stating therein among other things,—

"We hereby cancel and terminate this contract and all its provisions, effective at once."

On May 28, 1934, the aforesaid cancellation was accepted by plaintiff by subscribing on one copy of said notice of cancellation and returning same to defendant, the following:

"We hereby agree to the termination and cancellation of the agreement referred to. H. E. HUNTER & ASSOCIATES, INC. H. E. HUNTER. Date. May 28, 1934."

On June 4, 1934, defendant employed said Thorsen to do certain special work in some respects the same as was performed by him for defendant when in the employ of plaintiff. This act inspired this litigation.

It is contended by plaintiff that the let-ter of May 24, 1934, written by defendant and addressed to plaintiff, was a cancellation of the agreement exclusive of the provisions of Item Five. The defendant contends that the language contained in that letter of May 24th, was all inclusive, and the acceptance of said cancellation by defendant on May 28, 1934, was a consent to a cancellation of all the provisions of said agreement of November 29, 1933.

The language is clear and explicit in designating the contract and all its provisions. The language contained in the acceptance of the cancellation is equally clear. The claim of plaintiff that Item Five is excluded offends the ordinary and usual meaning attached to this language. Item Five is certainly a provision of said contract. Defendant cancelled all provisions and plaintiff in plain language accepted same without exception or reservation. Whether the defendant at the time entertained a mental reservation of intention to circumvent this contract does not expressly appear except the employment of Thorsen later. Whether the plaintiff entertained the intention of not cancelling Item Five at the time it accepted the cancellation, does not expressly appear.

We must assume that the language used by plaintiff and defendant was intended to be given its usual and ordinary meaning and to include within its scope the contract and all its provisions. No evidence of a contrary intention is manifest. If the plaintiff did not intend at the time of the acceptance of this cancellation to include Item Five it would have been an easy matter for individuals of their admitted business experience and training to have inserted an exception to that effect. Decision must rest upon what the parties plainly said and not upon alleged intention unasserted.

It is our positive conclusion that this language referred to in the letter of cancellation and the language contained in the acceptance thereof must be given its usual and ordinary and accepted meaning, and that the legal effect thereof is a complete termination and cancellation of the contractual relation between plaintiff and defendant not later than the 28th day of May, 1934, with respect to the subject-matter of this controversy.

Sharp issue is drawn between plaintiff and defendant with respect to the provisions of Item Five. Plaintiff claims that it is stipulated damages for a violation of

its provisions in the sum of $5000.00. The defendant contends that the provision stipulates a penalty in that sum.

It is to be observed that the language is "employ a member of the other party's organization." Whether this means only production engineers or officers of the company or any and all persons whose services contribute to the promotion of the business of the company is speculative. It might well be contended that if one company engaged the services of any employee of the other company whose duties contributed to the company's success, liability for $5000.00 would thereupon instantly arise. The plaintiff undertakes to limit this provision to those who perform special or engineering services. Item Five contains no such restrictive limitation. It happens that in this case one Thorsen was the individual subsequently employed within one year of the date of the contract. Under the broad language of Item Five it might very well have been someone whose services with plaintiff were valuable but of an entirely different character.

The language of this Item Five is so general and all inclusive of any and all employees who performed valuable services for their company that the stipulated sum of $5000.00 can have no relation to damages which either might suffer by a breach thereof by the other. It establishes the amount of the fine or punishment for a breach rather than an approximation of any probable but undeterminable damages for a breach.

In our opinion it is clearly a penalty and unreconcilable with any theory of stipulated damages.

For the foregoing reasons the judgment of the Common Pleas Court is reversed as contrary to law, and final judgment rendered for defendant, appellant.

TERRELL, J, concurs in judgment.
LEVINE, PJ, dissents.